15 F.3d 1160
 304 U.S.App.D.C. 429
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
PETERSON FARMS I, California Partnership, et al., Appellants
v.
Mike ESPY, Secretary of the United States Department of Agriculture
 No. 92-5243.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 25, 1994.
 
 Before: SILBERMAN, SENTELLE, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this cause is hereby affirmed for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 Appellants challenged the agency's determination that they were not 12 separate "persons" each eligible for agricultural subsidy payments. The district court granted summary judgment for the agency and we affirm.
 
 I.
 
 5
 The Department of Agriculture administers price support and production adjustment programs established by the Agricultural Act of 1949, 7 U.S.C. Sec. 1281 et seq. These programs seek to reduce the total national acreage devoted to producing certain crops by paying farmers to grow less of these crops than they otherwise would. The programs are administered at three levels--county committees, state committees, and the federal Deputy Administrator--each reviewing determinations made by the previous level.
 
 
 6
 Program payments to farming operations are limited to a maximum of $50,000 per year to each "person" recognized by the agency. 7 U.S.C. Sec. 1308. Agency regulations provide that in order to be considered a separate person for the purpose of payment limitation, a legal entity must, inter alia:
 
 
 7
 (a) Have a separate and distinct interest in the land or the crop involved,
 
 
 8
 (b) Exercise separate responsibility for such interest, and
 
 
 9
 (c) Be responsible for the cost of farming related to such interest from a fund or account separate from that of any other individual or entity.
 
 
 10
 7 C.F.R. Sec. 795.3.
 
 
 11
 Appellants are four partnerships representing the interests of four individuals, a trust and seven corporations. The partnerships filed a 1987 operating plan with the county committee proposing that Peterson Farms, a partnership determined to be five persons in 1986, be reorganized into four partnerships in 1987. Appellants represented that each partner of Peterson Farms I would contribute $50,000 in capital, and partners in Peterson Farms II, III, and IV would contribute $1,000 each. The plan also proposed a 20% reduction in farm operations by decreasing the operating acreage of Paterson Farms I from its 1986 levels.
 
 
 12
 Based on these representations, the county committee determined that appellants were 12 persons eligible for program benefits in 1987, and appellants began farming. After a random audit in 1989, however, the state committee determined that the operation of the partnerships did not conform to the 1987 plan and that the capital contributions and financing of the partnerships violated program regulations. The partners did not contribute any new capital, but merely shifted around the assets of the old Peterson Farms. And the financing and accounting of the new partnerships were so intermingled that the partners' interests were not separate and distinct. 7 C.F.R. Secs. 795.3(a), (c). These violations rendered appellants to be eligible as only one person for 1987. Appellants appealed to the federal Deputy Director to no avail and then filed suit.
 
 
 13
 Appellants served interrogatories on the agency to establish that they had relied in good faith on the county committee's initial 12-person determination and that the Secretary had, on occasion and in his discretion, granted an exception for such good faith reliance. Wisely not wishing to get into discovery disputes, the government answered the interrogatories but argued to the district court that the administrative record could not be supplemented. The court agreed and ruled that the interrogatories were inadmissible, and ordered summary judgment for the government.
 
 II.
 
 14
 Appellants are somewhat confused about the applicable standard of review, arguing in the brief that the district court committed errors of fact. But the factual bases for the agency's "person" determination are final and conclusive, see 7 U.S.C. Sec. 1385, and judicial review of the agency's determination is limited to whether it is arbitrary and capricious given those facts. See, e.g., Simons v. United States, 25 Cl.Ct. 685, 698 (1992); Esch v. Lyng, 665 F.Supp. 6, 12 (D.D.C.1987). The district court held that the record amply supports the agency's determination that appellants committed five violations of the applicable regulations, any one of which suffices to justify the agency's action, see 7 C.F.R. Sec. 795.6, and appellants did not present any credible arguments to the contrary.
 
 
 15
 We likewise need not linger on appellants' argument that the provisions of the Program Handbook which explain the "financing rule" of 7 C.F.R. Sec. 795.3 are substantive regulations subject to notice and comment under the APA. The agency did not rely on the Handbook, but rather stated explicitly that its determinations were based on appellants' violations of the regulations [J.A. at 31], properly promulgated through notice and comment procedures. See 43 Fed.Reg. 9,784 (1978). Counsel suggested during oral argument that appellants lacked notice of the program requirements since they, as farmers, cannot be expected to keep apprised of the regulations. Given that appellants operate in a pervasively regulated industry where--according to counsel--97% participate in subsidy programs, that the program is administered in part by farmers who serve on the state and county committees, and that the expected program benefits in this case exceed half a million dollars, we find the suggestion preposterous.
 
 
 16
 Finally, appellants argued that the district court erred by not permitting them to supplement the administrative record with evidence of their good faith reliance. We note that the district court held that appellants' argument is unavailing even if their proffered evidence were admitted, since the grant of an exception lies in the Secretary's discretion. But, in any event, the district court correctly decided that the administrative record could not be augmented.
 
 
 17
 The literal language of the authorizing statute suggests no judicial review of agency decisions concerning price support programs. See 7 U.S.C. Sec. 1385 ("The facts constituting the basis for any payment [under the Agricultural Act of 1949] when officially determined in conformity with the applicable regulations ... shall be final and conclusive and shall not be reviewable by any other officer or agency of the Government."); 7 U.S.C. Sec. 1429 ("Determinations made by the Secretary ... shall be final and conclusive...."). Although the APA's presumption of reviewability has led courts to bend the literal language of section 1429, permitting review of agency determinations under the arbitrary and capricious standard, see Esch v. Yuetter, 876 F.2d 976, 991 (D.C.Cir.1989); Carruth v. United States, 224 Ct.Cl. 422, 436-37 (1980), section 1385 still precludes judicial review of factual bases underlying the agency's determinations. See Esch v. Yuetter, 876 F.2d at 991; Simons, 25 Cl.Ct. at 697. Section 1385 thus limits judicial review under section 1429 to whether the Secretary's determinations were arbitrary and capricious given the unreviewable factual findings. See Simons, 25 Cl.Ct. at 698. It follows, therefore, that our review of the agency's determinations concerns only the findings in the administrative record, not extraneous facts that the Secretary did not have an opportunity to consider.
 
 
 18
 Esch v. Yuetter is not to the contrary. There, we faced allegations of procedural irregularities, which are appropriate for judicial review since section 1385 on its face applies only to factual findings "officially determined in conformity with the applicable regulations." 7 U.S.C. Sec. 1385. No such allegations exist here. As the district court noted, appellants had ample opportunity to present evidence of good faith reliance to the Secretary to seek discretionary relief. Having not availed themselves of these opportunities, appellants cannot now seek to introduce new facts and then argue that the agency acted capriciously in not considering them. It is true that Esch v. Yuetter did not limit its holding to cases of procedural violations but expounded generally on eight factors that may warrant consideration of evidence not in the administrative record. See 876 F.2d at 991. We note only that the probative value of such dicta is limited, since the opinion--while addressing section 1385's effect on reviewability--failed to consider that section's restrictions on supplementing the administrative record. See id.
 
 
 19
 * * *
 
 
 20
 Accordingly, the judgment of the district court is affirmed.